## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PREP4ALL, INC.,<br><br>                 Plaintiff,<br><br>        v.<br><br>U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES; U.S. DEPARTMENT OF JUSTICE,<br><br>                 Defendants. | Civil Action No. 25-cv-6335 |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff PrEP4All, Inc. ("PrEP4All"), by and through its undersigned attorney, alleges as follows:

### INTRODUCTION

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief to compel the disclosure of a specific government record that is a matter of great public concern. PrEP4All seeks the immediate processing and timely release of a document PrEP4All has requested from the U.S. Department of Health and Human Services ("HHS") and U.S. Department of Justice ("DOJ"): the settlement agreement that ended the government's landmark patent infringement case brought to recoup public investment in HIV prevention: *United States v. Gilead*.

2.      PrEP4All is a 501(c)(3) non-profit organization based in Manhattan, New York, NY that is dedicated to ending the HIV epidemic by improving health care for people with and at risk of HIV/AIDS.[1]

---

[1] www.prep4all.org

1

3.      In 2019, HHS and DOJ brought a suit that created an opportunity to correct a decades-long injustice perpetrated by the drug company Gilead Sciences, Inc. ("Gilead") that severely undercut the uptake of effective HIV prevention, perpetuating the epidemic and allowing hundreds of thousands of unnecessary new HIV infections to occur. This case was *United States v. Gilead Sciences, Inc.*, No. 1:19-cv-2103 (D. Del. Nov. 6, 2019). The U.S. government alleged that Gilead had infringed on patents on HIV pre-exposure prophylaxis ("PrEP") held by the Centers for Disease Control and Prevention ("CDC") and owed royalties to the government.

4.      HIV pre-exposure prophylaxis is the use of highly effective medications to prevent acquisition of HIV. The CDC did breakthrough research on PrEP in the 2000s and subsequently filed and obtained its patents on PrEP. Additional research by the National Institutes of Health ("NIH") was the primary basis for the Food and Drug Administration's approval of the first PrEP product in 2012. According to an independent analysis, the U.S. government invested at least $143 million into HIV PrEP research.

5.      Yet it was Gilead that profited off the government's investment and research efforts. Gilead has for many years charged American patients an average wholesale price of over $20,000 per patient per year for PrEP. The CDC and NIH attempted to negotiate a licensing agreement with Gilead, but the company refused. Gilead also refused requests by PrEP4All and other HIV/AIDS advocacy groups to reduce its prices.

6.      Gilead's price gouging and refusal to partner in good faith with the CDC, NIH, and other public health agencies have perpetuated the HIV epidemic and made PrEP inaccessible to many communities. For many years, Gilead held an effective monopoly on PrEP in the United States; no other company's medicines were approved for use as PrEP. The high prices charged by Gilead strained public health budgets and limited access to PrEP, thus fueling continued spread of HIV. While Gilead earned at

least $10 billion from PrEP sales between 2015 and 2021 in the United States, in recent years fewer than

40% of individuals indicated for PrEP within the United States have accessed the drug.[2]

7.      In 2020, Gilead brought a suit of its own against the United States government, alleging

breach of certain contracts between the company and the CDC. This case was *Gilead Sciences, Inc. v.*

*United States*, No. 1:20-cv-00499 (Fed. Cl. Apr. 24, 2020).

8.      In 2023, *United States v. Gilead* (the District of Delaware case brought by the

government) went to trial. The government sought over $1 billion in damages from Gilead. The jury's

verdict went against the government. With a push from PrEP4All and other HIV/AIDS advocates,[3] DOJ

and HHS continued to litigate after the verdict. DOJ and HHS won an important post-trial motion and

then, in July 2024, announced they would appeal the jury's verdict to the U.S. Court of Appeals for the

Federal Circuit. That appeal was docketed and assigned appeal number 24-2069. In December 2024, DOJ

and HHS filed their opening appeal brief.[4] Shortly thereafter, a coalition of HIV/AIDS advocacy groups

led by PrEP4All filed an amicus brief in the appeal, in support of the government.[5]

9.      In January 2025, Gilead announced a settlement of both cases—the *United States v.*

*Gilead* case on appeal to the Federal Circuit and the *Gilead v. United States* case pending in the Court of

Federal Claims. On January 15, 2025, the DOJ and Gilead filed joint stipulations of voluntary dismissal in

the District of Delaware[6] and the Court of Federal Claims.[7] Both the District of Delaware case and the

---

[2] https://prep4all.org/us-v-gilead-two-year-anniversary-prep4all-leads-25-advocacy-organizations-demanding-updates-on-hiv-prevention-drug-patent-lawsuit/; https://ahead.hiv.gov/.

[3] https://prep4all.org/statement-from-prep4all-and-pipli-on-the-disappointing-verdict-in-us-v-gilead/;
https://prep4all.org/wp-content/uploads/2024/06/2023-05-30-Letter-of-P4A-PIPLI-to-DOJ-HHS.pdf

[4] https://storage.courtlistener.com/recap/gov.uscourts.cafc.21920/gov.uscourts.cafc.21920.13.0.pdf.

[5] https://storage.courtlistener.com/recap/gov.uscourts.cafc.21920/gov.uscourts.cafc.21920.19.0.pdf.

[6] https://storage.courtlistener.com/recap/gov.uscourts.ded.70560/gov.uscourts.ded.70560.507.0.pdf.

[7] https://storage.courtlistener.com/recap/gov.uscourts.uscfc.40800/gov.uscourts.uscfc.40800.243.0.pdf.

Court of Federal Claims case are now closed, and the Federal Circuit has dismissed the appeal.[8] The

settlement was widely covered by news media.[9] Gilead issued a press release on the settlement.[10]

   10. The settlement agreement (the "Agreement") itself has apparently not been made public.

Little is known about the terms of the Agreement, though the existence of a settlement agreement has

been confirmed by Gilead and by news media. STAT News has reported that "a Gilead spokeswoman

wrote to say the settlement does not contain any payments from Gilead or the federal government."[11]

Gilead's press release described the Agreement as "a final settlement agreement with the U.S. Department

of Justice and the U.S. Department of Health and Human Services (HHS)" and further stated the

following:

> This resolution reflects the culmination of Gilead's resounding success in these cases, and
> the government has withdrawn its appeal of the verdict.

> Importantly, Gilead will receive a license to certain current and future government PrEP
> patents that will protect Gilead's freedom to operate for years to come.[12]

In addition, in June 2025, an attorney for Gilead, Ron Machen, stated in an interview with Bloomberg

Law that the settlement was "extremely beneficial" for Gilead.[13]

   11. To PrEP4All's knowledge, none of the government agencies potentially involved in the

settlement—HHS, DOJ, and CDC—have issued a press release or provided comments to media about the

Agreement.

   12. There is a strong public interest in understanding the Agreement, the Agreement's terms,

and the reasons for the Agreement. On January 16, 2025, PrEP4All issued a statement on the Agreement.

---

[8] https://storage.courtlistener.com/recap/gov.uscourts.cafc.21920/gov.uscourts.cafc.21920.24.0.pdf.
[9] *See, e.g.*, https://www.statnews.com/pharmalot/2025/01/15/gilead-hiv-truvada-descovy-hhs-cdc-patents-prep/, https://www.reuters.com/legal/gilead-sciences-us-government-settle-patent-case-over-hiv-prevention-drugs-2025-01-15/, https://www.fiercepharma.com/pharma/gilead-settles-us-government-long-running-patent-dust-over-truvada-and-descovy, https://www.bloomberglaw.com/bloomberglawnews/ip-law/BNA%20000001946fa3da99abfcefb33fc00001.
[10] https://www.gilead.com/company/company-statements/2025/gilead-statement-on-successful-resolution-with-us-department-of-justice-and-the-department-of-health-and-human-services-on-patents.
[11] https://www.statnews.com/pharmalot/2025/01/15/gilead-hiv-truvada-descovy-hhs-cdc-patents-prep/
[12]https://www.gilead.com/company/company-statements/2025/gilead-statement-on-successful-resolution-with-us-department-of-justice-and-the-department-of-health-and-human-services-on-patents
[13] https://news.bloomberglaw.com/business-and-practice/unrivaled-2025-ron-machen-of-wilmerhale

PrEP4All's statement stated, *inter alia*, "[i]t's outrageous that PrEP4All and other organizations weren't consulted in the decision to abandon the [*United States v. Gilead*] litigation."[14] In a statement to Bloomberg Law, Mark Harrington, Executive Director of the Treatment Action Group (another independent, nonprofit HIV/AIDS advocacy organization), stated, "[t]he DoJ acted with cowardice and unseemly haste in prematurely withdrawing its case against Gilead."[15]

13.     Given that strong public interest, there are compelling reasons to reveal the terms of the Agreement and the reasons why HHS and DOJ chose to settle the case when they did.

14.     Plaintiff PrEP4All submitted a FOIA request to Defendant HHS on February 19, 2025, seeking the release of the Agreement (the "HHS Request"). A true and correct copy of the HHS Request is attached as Exhibit A.

15.     Plaintiff PrEP4All submitted a separate FOIA request to Defendant DOJ on the same day, February 19, 2025, also seeking the release of the Agreement (the "DOJ Request"). A true and correct copy of the DOJ Request is attached as Exhibit I.

16.     As is pled in more detail below, to date, HHS and DOJ have not released any responsive records, notwithstanding the FOIA's prescribed time limits and the simplicity and specificity of the requests made to the agencies.

17.     PrEP4All now asks the Court for injunctive and other relief requiring HHS and DOJ to conduct a thorough search for all responsive records and to immediately process and release any responsive records, including the Agreement. PrEP4All seeks an order enjoining Defendants from withholding non-exempt, responsive records, and from charging search, review, or duplication fees for the processing of the HHS Request and DOJ Request. PrEP4All also asks the Court to order HHS to make a formal determination on PrEP4All's request for expedited processing of the HHS Request.

---

[14] https://prep4all.org/press-release-prep4all-denounces-doj-decision-to-abandon-appeal-in-u-s-v-gilead-prep-patent-case/
[15] https://www.bloomberglaw.com/bloomberglawnews/ip-law/X53UMHP8000000

## PARTIES

18.     PrEP4All is a 501(c)(3) non-profit organization based in Manhattan, New York, NY that

is dedicated to ending the HIV epidemic by improving health care for people with and at risk of

HIV/AIDS. PrEP4All's mailing address is:

>       PrEP4All
>
>       368 9th Ave
>
>       New York, NY 10001

19.     PrEP4All has no financial interest in this work. Additionally, PrEP4All receives no

corporate funding for its work. PrEP4All is a "person" within the meaning of 5 U.S.C. § 551(2).

20.     HHS and DOJ are each an "agency" within the meaning of 5 U.S.C. § 552(f)(1). HHS

and DOJ have possession and control over the Agreement.

## JURISDICTION AND VENUE

21.     The Court has subject-matter jurisdiction over this action and personal jurisdiction over

the parties pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this action pursuant

to 28 U.S.C. §§ 1331, 2201 & 2202 and 5 U.S.C. §§ 701–06.

22.     Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B). Plaintiff PrEP4All has its

principal place of business in this district.

## FACTUAL BACKGROUND

### The HHS Request

*Record Sought*

23.     On February 19, 2025, PrEP4All submitted the HHS Request, seeking the following

record from HHS:

>       The settlement agreement between HHS and Gilead Sciences, Inc. in the United States v. Gilead
>       cases (United States v. Gilead Sciences, Inc., No. 1:19-cv-2103 (D. Del. Nov. 6, 2019) and Gilead
>       Sciences, Inc. v. United States, No. 1:20-cv-00499 (Fed. Cl. Apr. 24, 2020)).

The HHS Request is dated February 17, 2025 but was submitted on February 19, 2025. A true and correct copy of the HHS Request is attached as Exhibit A to this Complaint.

*Request for Waiver of Fees*

24.     PrEP4All sought a waiver of fees incurred in connection with search and copying in responding to the HHS Request on the grounds that disclosure of the requested record is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester.

25.     In support of its request for a fee waiver, PrEP4All noted in the HHS Request that disclosure of the materials is in the public interest in light of the numerous public interest organizations and individuals who have demonstrated interest in the resolution of the *United States v. Gilead* cases,[16] evidenced in part by the various parties who submitted amicus briefs in the appeal of the District of Delaware case.[17] Further, PrEP4All noted its intent to disseminate the information it obtains from the HHS Request to the public through publication in widely distributed media, and cited its and its representatives' lengthy track record of doing so.[18]

26.     PrEP4All noted that it is a 501(c)(3) nonprofit organization that has no commercial interest and cited its aim of facilitating and conducting rigorous, objective, and fair evaluation of the information sought in the HHS Request in furtherance of public knowledge and public health.

---

[16] *See, e.g.*, https://www.statnews.com/pharmalot/2024/07/08/gilead-hiv-aids-truvada-descovy-patents-biden/; https://www.reuters.com/legal/gilead-sciences-us-government-settle-patent-case-over-hiv-prevention-drugs-2025-01-15/; https://news.bloomberglaw.com/ip-law/advocates-slam-us-gilead-patent-settlement-over-hiv-prep-drugs.
[17] *See, e.g.*, https://storage.courtlistener.com/recap/gov.uscourts.cafc.21920/gov.uscourts.cafc.21920.19.0.pdf
[18] *See* Exhibit A. Jeremiah Johnson has served as the Executive Director of PrEP4All since 2022. In connection with his work with PrEP4All, Mr. Johnson has published widely on developments in the law, policy, and science of HIV prevention and treatment. See, e.g., Johnson, Jeremiah, Amy Killelea, and Kenyon Farrow. "Investing in National HIV PrEP Preparedness." New England Journal of Medicine 388, no. 9 (2023); Johnson, Jeremiah, and Amy Killelea. "A New Drug Could Change the HIV Prevention Landscape, But Only With a Fair Price Tag." Health Affairs. Aug. 26, 2024. https://www.healthaffairs.org/content/forefront/new-drug-could-change-hiv-prevention-landscape-but-only-fair-price-tag;
Johnson, Jeremiah, Asa Radix, and Raniyah Copeland et al. "Building Racial and Gender Equity into a National PrEP Access Program." Journal of Law, Medicine, and Ethics 50, no. S1 (2022); Killelea, Amy, Jeremiah Johnson, Derek T. Dangerfield et al. "Financing and Delivering Pre-Exposure Prophylaxis (PrEP) to End the HIV Epidemic." Journal of Law, Medicine, and Ethics 50, no. S1 (2022).

*Request for Expedited Processing*

27.     PrEP4All sought expedited processing of the HHS Request on the ground that there is "a compelling need" for the disclosure of the record because the information requested is urgently needed "by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity," 5 U.S.C. § 552(a)(6)(E)(v)(II).

28.     PrEP4All is engaged in disseminating information to the general public and not merely to a narrow interest group.[19] As noted above, PrEP4All and its representatives have a track record of publications, and disseminating information to the public about availability of HIV care, including PrEP, is one of PrEP4All's core initiatives. Obtaining information about the availability of HIV PrEP, analyzing that information, and publishing and disseminating it to the press and public at large are thus among PrEP4All's core activities. *See ACLU v. DOJ,* 321 F. Supp. 2d 24, 29 n.5 (D.D.C. 2004) (finding non-profit public interest group that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw material into a distinct work, and distributes that work to an audience" to be "primarily engaged in disseminating information").

29.     Additionally, the record sought pertains to a matter of widespread and exceptional media interest in which there exist questions about the Government's integrity that affect public confidence, as is explained above.

**Correspondence Regarding the HHS Request, Including Defendant HHS's Responses**

30.     By email dated February 19, 2025, HHS acknowledged receipt of the HHS Request submitted on the same day and assigned the HHS Request its tracking number: 2025-01745-FOIA-OS. In this email, HHS did not provide any further information vis-à-vis the HHS Request. A true and correct copy of HHS's February 19, 2025 email is attached as Exhibit B to this Complaint.

---

[19] *See* Exhibit A.

31.     By email dated February 28, 2025, PrEP4All's representatives inquired about the search and processing schedule for the HHS Request. A true and correct copy of PrEP4All's February 28, 2025 email is attached as Exhibit C to this Complaint.

32.     By email dated March 7, 2025, having received no response from HHS, PrEP4All's representatives again inquired about the search and processing schedule for the HHS Request. PrEP4All's representatives also left HHS a voicemail stating the same. A true and correct copy of PrEP4All's March 7, 2025 email is attached as Exhibit D to this Complaint.

33.     By email dated April 1, 2025, HHS informed PrEP4All's representatives that "your FOIA request #2025-01745-FOIA-OS has been updated to the following status 'In Process'." A true and correct copy of HHS's April 1, 2025 email is attached as Exhibit E to this Complaint.

34.     By email dated April 4, 2025, PrEP4All's representatives again sought an update on the search and production schedule for the HHS Request. In this email, PrEP4All's representatives also sought an update on PrEP4All's request for expedited processing. A true and correct copy of PrEP4All's April 4, 2025 email is attached as Exhibit F to this Complaint.

35.     HHS did not respond to PrEP4All's email of April 4, 2025. As of April 4, 2025 (and as of the date of this Complaint), HHS had not granted or denied or otherwise responded to PrEP4All's request for expedited processing.

36.     By email dated April 15, 2025, PrEP4All's representatives reiterated their desire to agree upon a mutually agreeable production schedule and to avoid the need for administrative appeal or litigation. PrEP4All's representatives also acknowledged and expressed sympathy for the fact that the recent months have been tumultuous for the FOIA offices of many federal agencies, including HHS. PrEP4All reiterated, however, that due to the importance of the Agreement and simplicity of the HHS Request, prompter production would be warranted, reasonable, and consistent with FOIA's statutory timeline. PrEP4All also noted that HHS had not granted, denied, or otherwise responded to the HHS Request's request for expedited processing. Finally, PrEP4All's representatives requested to speak with

HHS to discuss a mutually agreeable production schedule. A true and correct copy of PrEP4All's April 15, 2025 email is attached as Exhibit G to this Complaint.

37.     HHS did not respond to PrEP4All's email of April 15, 2025.

38.     On June 16, 2025, PrEP4All's representative sent HHS a demand letter, sent via email and overnight FedEx. PrEP4All's demand letter explained that HHS's lengthy delay in fulfilling the HHS Request had become prejudicial to PrEP4All and demanded that HHS produce the requested record, or offer a reasonable and mutually acceptable timetable for production, within the next 15 business days, i.e., by July 9, 2025. A true and correct copy of PrEP4All's June 16, 2025 demand letter is attached as Exhibit H to this Complaint.

39.     HHS did not respond to PrEP4All's June 16, 2025 letter.

40.     To date, HHS has not provided notice to PrEP4All of any determination of whether to provide expedited processing of the HHS Request.

41.     To date, HHS has produced no records or any further response to the HHS Request. HHS has also refused all requests from PrEP4All for a telephone conference.

### The DOJ Request

*Record Sought*

42.     On February 19, 2025, PrEP4All submitted the DOJ Request, seeking the following record from DOJ:

> The settlement agreement between DOJ and Gilead Sciences, Inc. in the United States v. Gilead cases (United States v. Gilead Sciences, Inc., No. 1:19-cv-2103 (D. Del. Nov. 6, 2019) and Gilead Sciences, Inc. v. United States, No. 1:20-cv-00499 (Fed. Cl. Apr. 24, 2020)).

The DOJ Request is dated February 17, 2025 but was submitted on February 19, 2025. A true and correct copy of the DOJ Request is attached as Exhibit I to this Complaint.

*Request for Waiver of Fees*

43.     PrEP4All sought a waiver of fees incurred in connection with search and copying in responding to the DOJ Request on the grounds that disclosure of the requested record is in the public

interest because it is likely to contribute significantly to public understanding of the operations and

activities of the government and is not primarily in the commercial interest of the requester.

44.     In support of its request for a fee waiver, PrEP4All noted in the DOJ Request that

disclosure of the materials is in the public interest in light of the numerous public interest organizations

and individuals who have demonstrated interest in the resolution of the *United States v. Gilead* cases,[20]

evidenced in part by the various parties who submitted amicus briefs in the appeal of the District of

Delaware case.[21] Further, PrEP4All noted its intent to disseminate the information it obtains from the DOJ

Request to the public through publication in widely distributed media, and cited its and its

representatives' lengthy track record of doing so.[22]

45.     PrEP4All noted that it is a 501(c)(3) nonprofit organization that has no commercial

interest and cited its aim of facilitating and conducting rigorous, objective, and fair evaluation of the

information sought in the DOJ Request in furtherance of public knowledge and public health.

*Request for Expedited Processing*

46.     PrEP4All sought expedited processing of the DOJ Request on the ground that there is "a

compelling need" for the disclosure of the record because the information requested is urgently needed

"by a person primarily engaged in disseminating information, urgency to inform the public concerning

actual or alleged Federal Government activity," 5 U.S.C. § 552(a)(6)(E)(v)(II).

---

[20] *See, e.g.*, https://www.statnews.com/pharmalot/2024/07/08/gilead-hiv-aids-truvada-descovy-patents-biden/;
https://www.reuters.com/legal/gilead-sciences-us-government-settle-patent-case-over-hiv-prevention-drugs-2025-01-15/; https://news.bloomberglaw.com/ip-law/advocates-slam-us-gilead-patent-settlement-over-hiv-prep-drugs.
[21] *See, e.g.*, https://storage.courtlistener.com/recap/gov.uscourts.cafc.21920/gov.uscourts.cafc.21920.19.0.pdf
[22] *See* Exhibit I. Jeremiah Johnson has served as the Executive Director of PrEP4All since 2022. In connection with
his work with PrEP4All, Mr. Johnson has published widely on developments in the law, policy, and science of HIV
prevention and treatment. See, e.g., Johnson, Jeremiah, Amy Killelea, and Kenyon Farrow. "Investing in National
HIV PrEP Preparedness." New England Journal of Medicine 388, no. 9 (2023); Johnson, Jeremiah, and Amy
Killelea. "A New Drug Could Change the HIV Prevention Landscape, But Only With a Fair Price Tag." Health
Affairs. Aug. 26, 2024. https://www.healthaffairs.org/content/forefront/new-drug-could-change-hiv-prevention-
landscape-but-only-fair-price-tag; Johnson, Jeremiah, Asa Radix, and Raniyah Copeland et al. "Building Racial and
Gender Equity into a National PrEP Access Program." Journal of Law, Medicine, and Ethics 50, no. S1 (2022);
Killelea, Amy, Jeremiah Johnson, Derek T. Dangerfield et al. "Financing and Delivering Pre-Exposure Prophylaxis
(PrEP) to End the HIV Epidemic." Journal of Law, Medicine, and Ethics 50, no. S1 (2022).

47.    PrEP4All is engaged in disseminating information to the general public and not merely to a narrow interest group.[23] As noted above, PrEP4All and its representatives have a track record of publications, and disseminating information to the public about availability of HIV care, including PrEP, is one of PrEP4All's core initiatives. Obtaining information about the availability of HIV PrEP, analyzing that information, and publishing and disseminating it to the press and public at large are thus among PrEP4All's core activities. *See ACLU v. DOJ*, 321 F. Supp. 2d 24, 29 n.5 (D.D.C. 2004) (finding non-profit public interest group that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw material into a distinct work, and distributes that work to an audience" to be "primarily engaged in disseminating information").

48.    Additionally, the record sought pertains to a matter of widespread and exceptional media interest in which there exist questions about the Government's integrity that affect public confidence, as is explained above.

**Correspondence Regarding the DOJ Request, Including Defendant DOJ's Responses**

49.    By email dated February 24, 2025, DOJ acknowledged receipt of the DOJ Request submitted on February 19, 2025 and assigned its tracking number: 145-FOI-21567. A true and correct copy of DOJ's February 24, 2025 email is attached as Exhibit J to this Complaint. In its email of February 24, 2025, DOJ did the following:

  a.  DOJ denied PrEP4All's request for expedited processing on the basis that DOJ "cannot identify a particular urgency to inform the public about an actual or alleged federal government activity beyond the public's right to know about government activities generally."

  b.  DOJ also indicated that the DOJ Request fell within "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B)(i)-(iii) and, as a result, DOJ would be "extending the time limit to respond to [PrEP4All's] request beyond the ten additional days provided by the statute."

---

[23] *See* Exhibit I.

Notwithstanding the already narrow and specific nature of the DOJ Request, DOJ did not

provide PrEP4All with "an opportunity to limit the scope of the request or an opportunity

to arrange with DOJ an alternative time frame for processing the request or a modified

request," as is required by statute. *Id*. § 552(a)(6)(B)(ii).

c.   DOJ also deferred a decision on PrEP4All's request for a fee waiver, stating, "[a] request

for a fee waiver will only be adjudicated after a determination has first been made that

fees are applicable to a FOIA request."

50.     By email dated February 28, 2025, PrEP4All's representatives inquired about the search

and processing schedule for the DOJ Request. A true and correct copy of PrEP4All's February 28, 2025

email is attached as Exhibit K to this Complaint.

51.     By email dated March 7, 2025, having received no response from DOJ, PrEP4All's

representatives again inquired about the search and processing schedule for the DOJ Request. PrEP4All's

representatives also left DOJ a voicemail stating the same. A true and correct copy of PrEP4All's March

7, 2025 email is attached as Exhibit L to this Complaint.

52.     By email dated March 7, 2025, DOJ stated that the "average processing time exceeds 1

year" due to DOJ's "available staff and resources, as well as [DOJ's] substantial backlog of FOIA

requests." A true and correct copy of DOJ's March 7, 2025 email is attached as Exhibit M to this

Complaint.

53.     By email dated April 4, 2025, PrEP4All's representatives requested clarification

regarding whether DOJ genuinely expected search and processing for PrEP4All's request—for one

specific, likely short document, namely, the Agreement—to take over one year. PrEP4All's

representatives also expressed a desire to discuss a way to accelerate processing of the DOJ Request.

PrEP4All's representatives also left DOJ a voicemail stating the same. A true and correct copy of

PrEP4All's April 4, 2025 email is attached as Exhibit N to this Complaint.

54.     By email dated April 11, 2025, DOJ responded. DOJ did not provide a concrete timetable

for fulfillment of the DOJ Request. Instead, DOJ stated that fulfillment of the DOJ Request "will take less

than a year, given that it is targeted to settlement agreements" and reiterated its "large backlog of requests and reduced staffing." DOJ also suggested that "some of" its staffing would "become[] available again in the next couple months." A true and correct copy of DOJ's April 11, 2025 email is attached as Exhibit O to this Complaint.

55.     By email dated April 15, 2025, PrEP4All's representatives reiterated their desire to agree upon a mutually agreeable production schedule and to avoid the need for administrative appeal or litigation. PrEP4All's representatives also acknowledged and expressed sympathy for the fact that the recent months have been tumultuous for the FOIA offices of many federal agencies, including DOJ. PrEP4All reiterated, however, that due to the importance of the Agreement and simplicity of the DOJ Request, prompter production would be warranted, reasonable, and consistent with FOIA's statutory timeline. Finally, PrEP4All's representatives requested to speak with DOJ to discuss a mutually agreeable production schedule. A true and correct copy of PrEP4All's April 15, 2025 email is attached as Exhibit P to this Complaint.

56.     By email dated April 25, 2025, DOJ stated that its "search for this case is in progress" and that it was "standing by for the relevant branch to complete the search." A true and correct copy of DOJ's April 25, 2025 email is attached as Exhibit Q to this Complaint.

57.     On June 16, 2025, PrEP4All's representative sent DOJ a demand letter. PrEP4All's demand letter explained that DOJ's lengthy delay in fulfilling the DOJ Request had become prejudicial to PrEP4All and demanded that DOJ produce the requested record, or offer a reasonable and mutually acceptable timetable for production, within the next 15 business days, i.e., by July 9, 2025. A true and correct copy of PrEP4All's June 16, 2025 demand letter is attached as Exhibit R to this Complaint.

58.     By email dated June 20, 2025, DOJ responded to PrEP4All's June 16, 2025 demand letter. A true and correct copy of DOJ's June 20, 2025 email is attached as Exhibit S to this Complaint. DOJ's June 20, 2025 email stated,

> By way of update, this office recently received the results of our search from the relevant branch of the Civil Division, and this material was sent on consultation to other equity-holders, consistent with our regulations. The consultation process can typically take a few

weeks. Upon completion of the consultation process, we will be prepared to issue a final response.

59.     By email dated June 22, 2025, PrEP4All's representatives asked for clarification on the date on which PrEP4All can expect a final response and document production. A true and correct copy of PrEP4All's June 22, 2025 email is attached as Exhibit T to this Complaint.

60.     By email dated July 7, 2025, PrEP4All's representatives reiterated their request for clarification on the date on which PrEP4All can expect a final response and document production. A true and correct copy of PrEP4All's July 7, 2025 email is attached as Exhibit U to this Complaint.

61.     DOJ did not respond to PrEP4All's June 22, 2025 email or July 7, 2025 email.

62.     To date, DOJ has produced no records or any other response to the DOJ Request. DOJ has also refused all requests from PrEP4All for a telephone conference.

**Statutory and Regulatory Requirements**

63.     The Freedom of Information Act was enacted to facilitate public access to government documents. *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989)). Its basic purpose is to "ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

64.     With that purpose in mind, the FOIA statute requires federal agencies like Defendants to disclose records within 20 working days in response to FOIA requests. 5 U.S.C. § 552(a)(6)(A)(i).

65.     If there are "unusual circumstances," an agency may extend the time limit to respond by no more than 10 working days. *Id*. § 552(a)(6)(B)(i). To invoke that extension, the agency must provide "written notice . . . setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id*.

66.     An agency can extend its processing time beyond the additional 10 days only if it provides written notice and "an opportunity to limit the scope of the request so that it may be processed

within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id*. § 552(a)(6)(B)(ii).

67.    A district court has jurisdiction to enjoin the agency from withholding records and to order production of records that are subject to disclosure. *Id*. § 552(a)(4)(B).

68.    FOIA also allows for requesters to ask for expedited processing of their request for records if they can demonstrate a compelling need. *Id*. § 552(a)(6)(E)(i). The term "compelling need" applies to requesters who are primarily engaged in disseminating information and possess the urgency to inform the public concerning actual or alleged federal government activity. *Id*. § 552(a)(6)(E)(v)(II).

69.    FOIA requires that "[e]ach agency shall promulgate regulations, pursuant to notice and receipt of public comment, providing for expedited processing . . . ." *Id.* § 552(a)(6)(E)(i). FOIA further requires that "regulations under this subparagraph must ensure . . . that a determination of whether to provide expedited processing shall be made, and notice of the determination shall be provided to the person making the request, within 10 days after the date of the request." *Id.* § 552(a)(6)(E)(ii). HHS has enacted regulations pursuant to FOIA's command. 45 C.F.R. § 5.27. An HHS regulation states, "[w]e will respond to your request for expedited processing within 10 calendar days of our receipt of your request to expedite." *Id.* § 5.27(c). The regulation further states, "[w]e will inform you if we deny your request for expedited processing and provide you with appeal rights." *Id.* DOJ has also enacted regulations pursuant to FOIA's command. 28 C.F.R. § 16.5.

70.    More than 100 working days have passed since PrEP4All filed the HHS Request and the DOJ Request on February 19, 2025. Thus, the statutory time deadline to fulfill these requests has long ago passed as to both HHS and DOJ. *Id*. § 552(a)(6)(C)(i).

71.    PrEP4All has exhausted all required administrative remedies regarding HHS's and DOJ's failure to respond to their respective requests, for at least the reason that HHS and DOJ have failed to comply with the extended time limit of 30 working days to respond to the requests under the Freedom of Information Act.

72.     PrEP4All has also exhausted all required administrative remedies regarding DOJ's failure to respond to the DOJ Request because DOJ has denied expedited processing. DOJ's denial of expedited processing renders DOJ noncompliant with both FOIA and its own regulations and provides PrEP4All with a separate basis to bring this action. 5 U.S.C. § 552(a)(6)(E); 28 C.F.R. § 16.5.

73.     PrEP4All has also exhausted all required administrative remedies regarding HHS's failure to respond to the HHS Request, because HHS has failed to provide notice to PrEP4All of a determination on PrEP4All's request for expedited processing within the 10-day time limit required by statute and by HHS regulation. 5 U.S.C. § 552(a)(6)(E)(i)(I); 45 C.F.R. § 5.27. HHS's failure to provide this notice renders HHS noncompliant with both FOIA and its own regulations and provides PrEP4All with a separate basis to bring this action.

## CLAIMS FOR RELIEF

### Claims for Relief from HHS

74.     Plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

75.     The failure of HHS to make a reasonable effort to search for records responsive to the HHS Request violates the FOIA, 5 U.S.C. § 552(a)(3) and HHS's corresponding regulations.

76.     The failure of HHS to promptly make available the record sought by the HHS Request violates the FOIA, 5 U.S.C. § 552(a)(3), (a)(6)(A) and HHS's corresponding regulations.

77.     The failure of HHS to process the HHS Request expeditiously and as soon as practicable violates the FOIA, 5 U.S.C. § 552(a)(6)(E) and HHS's corresponding regulations.

78.     HHS's withholding of non-exempt agency records subject to the HHS Request violates the FOIA, 5 U.S.C. § 552 and HHS's corresponding regulations.

79.     HHS's failure to provide notice to PrEP4All of a determination on PrEP4All's request for expedited processing within 10 days of receipt of the HHS Request violates the FOIA, 5 U.S.C. § 552(a)(6)(E)(i)(I), and HHS's corresponding regulations, 45 C.F.R. § 5.27.

**Claims for Relief from DOJ**

80.    Plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

81.    The failure of DOJ to make a reasonable effort to search for records responsive to the DOJ Request violates the FOIA, 5 U.S.C. § 552(a)(3) and DOJ's corresponding regulations.

82.    The failure of DOJ to promptly make available the record sought by the DOJ Request violates the FOIA, 5 U.S.C. § 552(a)(3), (a)(6)(A) and DOJ's corresponding regulations.

83.    The failure of DOJ to process the DOJ Request expeditiously and as soon as practicable violates the FOIA, 5 U.S.C. § 552(a)(6)(E) and DOJ's corresponding regulations.

84.    DOJ's withholding of non-exempt agency records subject to the DOJ Request violates the FOIA, 5 U.S.C. § 552 and DOJ's corresponding regulations.


**REQUESTED RELIEF**

WHEREFORE, Plaintiff PrEP4All respectfully requests that this Court:

a)    Declare that HHS's and DOJ's failure to respond and produce the requested record is unlawful;

b)    Order HHS and DOJ to conduct a full, adequate, and expedited search for all responsive records;

c)    Order HHS and DOJ to immediately process and release any responsive records;

d)    Declare that the requested records are not exempt from disclosure under the FOIA;

e)    Enjoin HHS and DOJ from withholding non-exempt, responsive records;

f)    Order HHS to provide written notice to PrEP4All of a determination on PrEP4All's request for expedited processing;

g)    Order HHS and DOJ to grant PrEP4All a waiver of fees and prohibit HHS and DOJ from charging search, review, or duplication fees for the processing of the HHS Request and DOJ Request;

h)      Award PrEP4All costs and reasonable attorneys' fees incurred in this action; and

i)      Grant such other relief as the Court deems just and proper.


Dated: August 1, 2025

Respectfully submitted,[24]

*/s/ Christopher J. Morten*
Christopher J. Morten (N.Y. Bar Number 5428107)
SCIENCE, HEALTH & INFORMATION CLINIC
WASHINGTON SQUARE LEGAL SERVICES, INC.
NYU School of Law
245 Sullivan St, 5th Floor
New York, NY 10012
Tel: (212) 998-6433
Email: cjm531@nyu.edu
*Counsel of Record*
*Counsel for Plaintiff PrEP4All, Inc.*

---

[24] Counsel wishes to thank Science, Health & Information Clinic students Brooke Levy, Angela Kang, and Sarika Ram for their many contributions to this complaint and PrEP4All's efforts to fulfill its FOIA requests.