# EXHIBIT R



Christopher Morten <cjm2002@columbia.edu>

---

## Re FOIA Request No. 145-FOI-21567 — Demand letter from PrEP4All

**Christopher Morten** <cjm531@nyu.edu>                                                    Mon, Jun 16, 2025 at 1:22 PM
To: Civil.routing.FOIA@usdoj.gov
Cc: Christopher Morten <cjm2002@columbia.edu>, Jeremiah Johnson <jeremiah@prep4all.org>, Brooke Levy <bml2132@columbia.edu>, Angela Hyokyoung Kang
<ahk2184@columbia.edu>

---

**This Message Is From an External Sender**
This message came from outside your organization.

---

**Re FOIA Request No. 145-FOI-21567**

Dear DOJ FOIA Office,

Please find attached a demand letter from PrEP4All, demanding production of records responsive to FOIA request No. 145-FOI-21567 ("the Request").

If the Department of Justice ("DOJ") fails to produce the responsive records or agree to a mutually acceptable timeframe for production within 15 business days of
the date of this letter, PrEP4All will be forced to file suit so that production responsive to the Request can be conducted under the supervision of a federal district
court.

Best regards,

Chris

--
Christopher Morten, JD, PhD
Associate Professor of Law (incoming, starting July 1, 2025)
New York University School of Law
Office: (212) 998-6433
Cell: (646) 531-4920
Email: cjm531@nyu.edu

---

📄 **PrEP4All FOIA Demand Letter to DOJ — June 16 2025 (combined with exhibits).pdf**
1014K

**Morningside Heights Legal Services, Inc.**

435 West 116th Street, New York, NY 10027
T 212 854 4291  F 212 854 3554

**Christopher Morten, JD, PhD**
Science, Health & Information Clinic
Morningside Heights Legal Services, Inc.
Email: cjm2002@columbia.edu (through June 30, 2025); cjm531@nyu.edu (after July 1, 2025)
Telephone: (646) 531-4920

**June 16, 2025**

Attn: Freedom of Information Act Staff
Department of Justice
Room 8314
1100 L Street, NW
Washington, DC 20530-0001
(202) 514-2319
Civil.routing.FOIA@usdoj.gov

*via email and FedEx*

To whom it may concern,

I write on behalf of my client, PrEP4All, Inc. ("PrEP4All"), to demand the production of records responsive to Freedom of Information Act ("FOIA") Request No. 145-FOI-21567 ("the Request"), which was filed and received February 19, 2025. If the Department of Justice ("DOJ") fails to produce the responsive records or agree to a mutually acceptable timeframe for production within 15 business days of the date of this letter, PrEP4All will be forced to file suit so that production responsive to the Request can be conducted under the supervision of a federal district court.

## I.    Background

On February 19, 2025, PrEP4All filed a FOIA request (the Request)[1] for the following record:

> The settlement agreement between DOJ and Gilead Sciences, Inc. in the United States v. Gilead cases (United States v. Gilead Sciences, Inc., No. 1:19-cv-2103 (D. Del. Nov. 6, 2019) and Gilead Sciences, Inc. v. United States, No. 1:20-cv-00499 (Fed. Cl. Apr. 24, 2020)).

---

[1] A copy of the Request is attached hereto as Exhibit A.

On February 24, 2025, DOJ confirmed receipt of the Request on February 19, 2025, and assigned the Request a tracking number, No. 145-FOI-21567.[2] In its letter of February 24, 2025, DOJ indicated that the Request fell within "unusual circumstances" under 5 U.S.C. §552(a)(6)(B)(i)-(iii) and that, as a result, DOJ would be "extending the time limit to respond to [PrEP4All's] request beyond the ten additional days provided by the statute." Notwithstanding the already narrow and specific nature of the Request, DOJ did not provide PrEP4All with "an opportunity to limit the scope of the request or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request," as is required by statute. *Id*. §552(a)(6)(B)(ii).

In February, March, and April, I repeatedly emailed DOJ, seeking a telephone conversation to negotiate a mutually acceptable schedule for production of the record requested by the Request. I repeatedly emphasized PrEP4All's desire to negotiate production without the need for litigation. DOJ repeatedly declined to speak with me and has instead provided only brief email responses. DOJ has never committed to any concrete time frame for processing the Request. In its most recent email, dated April 25, 2025, DOJ stated that its "search for this case is in progress" and that it was "standing by for the relevant branch to complete the search."[3]

To date, DOJ has not produced any records responsive to the Request.

## II.    Demand

The Freedom of Information Act requires that agencies respond to FOIA requests within twenty days, or thirty days if under "unusual circumstances." 5 U.S.C. §§552(a)(6)(B)(i), (c)(i). The Request was received by DOJ on February 19, 2025.[4] By law, therefore, DOJ should have responded to the request by April 2, 2025 at the latest.[5] Instead, DOJ has still not provided any documents responsive to the request.

It is now June 16, 2025, which is 82 business days after the Request was filed and 52 business days past the deadline by which DOJ should have responded to the Request. In that time, PrEP4All could have filed suit. *See* §552(a)(6)(C)(i). Instead, cognizant of the burden that agency FOIA offices often face, PrEP4All opted to wait for its request to be fulfilled.

At this point, the agency's lengthy delay has become prejudicial to PrEP4All's mission and the public interest. As such, **<u>PrEP4All demands that DOJ produce the requested records, or offer a reasonable and mutually acceptable timetable for production, within the next 15 business days, i.e., by July 9, 2025</u>**.

---

[2] A copy of DOJ's February 24, 2025 letter confirming receipt and assigning the tracking number is attached hereto as Exhibit B.

[3] A copy of DOJ's April 25, 2025 email is attached hereto as Exhibit C.

[4] *See* Exhibit B.

[5] This is 30 days (excluding Saturdays, Sundays, and legal holidays) from the receipt of the requests, under the assumption that the request received an "unusual circumstances" designation. See §552(a)(6)(B)(i).

**In the event that DOJ fails to do so, PrEP4All will have no choice but to file suit to compel the agency to substantively respond to the Request.**

PrEP4All and I have already drafted a complaint. We are fully prepared to file suit promptly after July 9, 2025, if PrEP4All and DOJ cannot reach an agreement.

**III.   Conclusion**

We hope that we are not forced to seek judicial oversight of the production of materials responsive to this request. If immediate production is not possible, we are open to DOJ committing to a specific timetable as to when documents will be produced that will satisfy all parties and avoid the need for judicial intervention.

Please contact me with any questions. I would be glad to speak by phone, at (646) 531-4920.

Please note that my working email will remain cjm2002@columbia.edu through June 30, 2025. From July 1, 2025 onward, my working email will become cjm531@nyu.edu. I will continue to represent PrEP4All in connection with the Request after July 1.

Nothing herein shall be deemed an admission or waiver of any rights, remedies, defenses, or positions, all of which are expressly reserved.

Sincerely,

**Christopher Morten, JD, PhD**
Science, Health & Information Clinic
Morningside Heights Legal Services, Inc.
Email: cjm2002@columbia.edu (through June 30, 2025); cjm531@nyu.edu (after July 1, 2025)
Telephone: (646) 531-4920
*Attorney for PrEP4All*

CC: Jeremiah Johnson, Executive Director and Representative of PrEP4All

# EXHIBIT A

*Johnson (PrEP4All) FOIA request to DOJ*

**VIA EMAIL AND WEB PORTAL**
Brian Flannigan, Chief, FOIA and Privacy Office, Civil Division
Department of Justice
Room 8314
1100 L Street, NW
Washington, DC 20530-0001
(202) 514-2319
Civil.routing.FOIA@usdoj.gov

February 17, 2025

Re: **FREEDOM OF INFORMATION ACT REQUEST**

Dear Mr. Brian Flannigan:

I, Jeremiah Johnson, Executive Director of PrEP4All, submit this request to the Department of Justice ("DOJ") on behalf of PrEP4All, Inc. ("PrEP4All"). This letter constitutes a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, for specific records related to the settlement agreement in *United States v. Gilead Sciences, Inc.*, No. 1:19-cv-2103 (D. Del. Nov 6, 2019) and *Gilead Sciences, Inc. v. United States*, No. 1:20-cv-00499 (Fed. Cl. Apr. 24, 2020) (together, the "*United States v. Gilead* cases").

**Background**

*PrEP4All*

I submit this request on behalf of PrEP4All in my capacity as Executive Director of PrEP4All.[1] PrEP4All is a 501(c)(3) non-profit organization based in New York City that is dedicated to ending the HIV and COVID-19 epidemics by improving health care for people with and at risk of HIV/AIDS and COVID-19. PrEP4All and I have no financial interest in this work. Additionally, PrEP4All receives no corporate funding for its work.

*The* United States v. Gilead *Cases*

In 2019, DOJ and HHS brought a suit that created an opportunity to correct a decades-long injustice that led to hundreds of thousands of new HIV infections. This case was *United States v. Gilead Sciences, Inc.*, No. 1:19-cv-2103 (D. Del. Nov. 6, 2019). The U.S. government alleged that Gilead Sciences, Inc. ("Gilead") had infringed on PrEP patents held by the Centers for Disease Control and Prevention ("CDC") and owed royalties to the government. The CDC had developed these patents, which were the primary basis for the FDA approval of the first PrEP product in 2012, as a result of U.S. government investment of at least $143 million into HIV PrEP research. Yet Gilead has profited off these efforts since, charging American patients over $20,000 per patient per year, and it continues to infringe on publicly owned patents on PrEP that emerged from CDC research, despite the CDC's attempts to

---
[1] www.prep4all.org

*Johnson (PrEP4All) FOIA request to DOJ*

negotiate licenses with Gilead. Gilead's patent infringement and price gouging have perpetuated the HIV epidemic and made PrEP inaccessible to many communities. While Gilead has earned at least $10 billion from PrEP sales in the United States, in recent years fewer than 25% of individuals indicated for PrEP have accessed the drug.[2] This case set the stage for recourse. It also stood for a powerful norm: that drug companies, in general, cannot continue to privatize and profit from publicly developed technology, without accountability.

In 2020, Gilead brought a suit of its own against the United States government, alleging breach of certain contracts between the company and the CDC. This case was *Gilead Sciences, Inc. v. United States*, No. 1:20-cv-00499 (Fed. Cl. Apr. 24, 2020).

In 2023, *United States v. Gilead* (the District of Delaware case brought by the government) went to trial. The jury's verdict went against the government. With the push of PrEP4All and other HIV/AIDS advocates,[3] DOJ and HHS continued to litigate after the verdict. DOJ and HHS won an important post-trial motion and then, in July 2024, announced they would appeal the jury's verdict to the U.S. Court of Appeals for the Federal Circuit. That appeal was docketed and assigned appeal number 24-2069. In December 2024, DOJ and HHS filed their opening appeal brief.[4]

In January 2025, the government and Gilead settled both *United States v. Gilead* cases. On January 15, 2025, the government and Gilead filed joint stipulations of voluntary dismissal in the District of Delaware[5] and the Court of Federal Claims.[6] The District of Delaware and the Court of Federal Claims are now closed, and the Federal Circuit has dismissed the appeal.[7] The settlement was widely covered by news media.[8] Gilead issued a press release on the settlement.[9]

The settlement agreement itself has apparently not been made public. Little is known about the terms of the settlement. STAT News has reported that "a Gilead spokeswoman wrote to say the settlement

---

[2] https://prep4all.org/us-v-gilead-two-year-anniversary-prep4all-leads-25-advocacy-organizations-demanding-updates-on-hiv-prevention-drug-patent-lawsuit/

[3] https://prep4all.org/statement-from-prep4all-and-pipli-on-the-disappointing-verdict-in-us-v-gilead/; https://prep4all.org/wp-content/uploads/2024/06/2023-05-30-Letter-of-P4A-PIPLI-to-DOJ-HHS.pdf

[4] https://storage.courtlistener.com/recap/gov.uscourts.cafc.21920/gov.uscourts.cafc.21920.13.0.pdf.

[5] https://storage.courtlistener.com/recap/gov.uscourts.ded.70560/gov.uscourts.ded.70560.507.0.pdf.

[6] https://storage.courtlistener.com/recap/gov.uscourts.uscfc.40800/gov.uscourts.uscfc.40800.243.0.pdf.

[7] https://storage.courtlistener.com/recap/gov.uscourts.cafc.21920/gov.uscourts.cafc.21920.24.0.pdf.

[8] *See, e.g.*, https://www.statnews.com/pharmalot/2025/01/15/gilead-hiv-truvada-descovy-hhs-cdc-patents-prep/, https://www.reuters.com/legal/gilead-sciences-us-government-settle-patent-case-over-hiv-prevention-drugs-2025-01-15/, https://www.fiercepharma.com/pharma/gilead-settles-us-government-long-running-patent-dust-over-truvada-and-descovy, https://www.bloomberglaw.com/bloomberglawnews/ip-law/BNA%20000001946fa3da99abfcefb33fc00001

[9] https://www.gilead.com/company/company-statements/2025/gilead-statement-on-successful-resolution-with-us-department-of-justice-and-the-department-of-health-and-human-services-on-patents.

*Johnson (PrEP4All) FOIA request to DOJ*

does not contain any payments from Gilead or the federal government."[10] Gilead's press release described the settlement as "final" and stated the following[11]:

> This resolution reflects the culmination of Gilead's resounding success in these cases, and the government has withdrawn its appeal of the verdict.

> Importantly, Gilead will receive a license to certain current and future government PrEP patents that will protect Gilead's freedom to operate for years to come.

HHS, DOJ, and CDC have apparently not issued a press release or provided comments to media about the settlement.

There is a strong public interest in the settlement, the settlement's terms, and the reasons for the settlement. On January 16, 2025, PrEP4All issued a statement on the settlement. PrEP4All's statement stated, *inter alia*, "[i]t's outrageous that PrEP4All and other organizations weren't consulted in the decision to abandon the litigation."[12] In a statement to Bloomberg Law, Mark Harrington, Executive Director of the Treatment Action Group, stated, "[t]he DoJ acted with cowardice and unseemly haste in prematurely withdrawing its case against Gilead."[13]

Given that strong public interest, there are compelling reasons to reveal the terms of the settlement and the reasons why the DOJ and HHS chose to settle the case when they did.

### Requested Records

I seek release of the following records:

1. The settlement agreement between DOJ and Gilead Sciences, Inc. in the *United States v. Gilead* cases (*United States v. Gilead Sciences, Inc.*, No. 1:19-cv-2103 (D. Del. Nov. 6, 2019) and *Gilead Sciences, Inc. v. United States*, No. 1:20-cv-00499 (Fed. Cl. Apr. 24, 2020)).

I request that these records be produced in their native electronic formats with any attached metadata included, so long as such electronic files can be opened using standard commercially available software. If the files cannot be produced in this manner, I request that records be produced in an alternative electronic format that is text-searchable. *See* 5 U.S.C. § 552(a)(3)(B).

If the agency believes any relevant records, or any portions thereof, are exempted from disclosure, please reference the specific exemption allowed under the law and why the exemption applies.

---

[10] https://www.statnews.com/pharmalot/2025/01/15/gilead-hiv-truvada-descovy-hhs-cdc-patents-prep/
[11]
https://www.gilead.com/company/company-statements/2025/gilead-statement-on-successful-resolution-with-us-department-of-justice-and-the-department-of-health-and-human-services-on-patents
[12]
https://prep4all.org/press-release-prep4all-denounces-doj-decision-to-abandon-appeal-in-u-s-v-gilead-prep-patent-case/
[13] https://www.bloomberglaw.com/bloomberglawnews/ip-law/X53UMHP8000000

*Johnson (PrEP4All) FOIA request to DOJ*

**Application for Waiver of Fees**

Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii), I request waiver of fees incurred in connection with searching and copying in responding to this request. I am requesting the waiver on the grounds that disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester.

*Disclosure is in the public interest*:

Disclosure is in the public interest pursuant because this request will shed light into the reasons as to why the HHS and DOJ chose to settle the *United States v. Gilead* cases and the negotiations that led up to the settlement. This case was and is of high interest to many public interest organizations and the public at large.[14] PrEP4All and other organizations and individuals filed amicus briefs in the appeal of the District of Delaware case, which is evidence of significant interest in the case.[15] The case was an opportunity to hold Gilead accountable for its profiteering, while also setting an important precedent that private companies cannot take advantage of public research without accountability. The negotiation terms and decision-making processes behind surrendering the case have not been made public. The public has an interest in ensuring that the DOJ and HHS negotiated beneficial settlement terms and understanding the decision to withdraw the appeal.

Disclosure is also in the public interest because PrEP4All and I plan to disseminate the information I obtain from this request to the public through publication in widely distributed media. PrEP4All and I have an established track record of such publications. Exemplary high-impact publications based on my investigations include:

- Johnson, Jeremiah, Amy Killelea, and Kenyon Farrow. "Investing in National HIV PrEP Preparedness." *New England Journal of Medicine* 388, no. 9 (2023).
- Johnson, Jeremiah, and Amy Killelea. "A New Drug Could Change the HIV Prevention Landscape, But Only With a Fair Price Tag." Health Affairs. Aug. 26, 2024. https://www.healthaffairs.org/content/forefront/new-drug-could-change-hiv-prevention-landscape-but-only-fair-price-tag.
- Johnson, Jeremiah, Asa Radix, and Raniyah Copeland et al. "Building Racial and Gender Equity into a National PrEP Access Program." *Journal of Law, Medicine, and Ethics* 50, no. S1 (2022).
- Killelea, Amy, Jeremiah Johnson, Derek T. Dangerfield et al. "Financing and Delivering Pre-Exposure Prophylaxis (PrEP) to End the HIV Epidemic." *Journal of Law, Medicine, and Ethics* 50, no. S1 (2022).
- Krellenstein, James, and Jeremiah Johnson. "PrEP Pricing Problems." TAGLine Apr. 4, 2016, available at https://www.thebody.com/article/prep-pricing-problems.

---

[14] *See, e.g.,* https://www.statnews.com/pharmalot/2024/07/08/gilead-hiv-aids-truvada-descovy-patents-biden/; https://www.reuters.com/legal/gilead-sciences-us-government-settle-patent-case-over-hiv-prevention-drugs-2025-01-15/; https://news.bloomberglaw.com/ip-law/advocates-slam-us-gilead-patent-settlement-over-hiv-prep-drugs.
[15] *See, e.g.,* https://storage.courtlistener.com/recap/gov.uscourts.cafc.21920/gov.uscourts.cafc.21920.19.0.pdf

*Johnson (PrEP4All) FOIA request to DOJ*

*The requester has no commercial interest in the information sought*:

PrEP4All and I have no commercial interest in the information sought. We have no commercial interest in these records, but rather we aim to facilitate and conduct rigorous, objective, and fair evaluation of the information sought in furtherance of public knowledge and public health.

For these reasons, a public interest waiver of fees is appropriate here. I therefore respectfully request that all fees related to the search, review, and duplication of the requested records be waived. If the search and review fees will not be waived, I ask that you contact me at the email address listed below should the estimated fees resulting from this request exceed $100.

## Application for Expedited Processing

Pursuant to 5 U.S.C. § 552(a)(6)(E)(i)(I), I request that the records requested in this letter be disclosed on an expedited basis because "a compelling need" exists for the disclosure of the information contained in these records. A compelling need exists under FOIA "with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity," 5 U.S.C. § 552(a)(6)(E)(v)(II).

*The requester is engaged in disseminating information*:

I am engaged in disseminating information to the general public and not merely to a narrow interest group. As noted above, PrEP4All and I have a track record of publications, and disseminating information to the public about availability of HIV and PrEP care is one of PrEP4All's core initiatives. Obtaining information about the availability of HIV PrEP, analyzing that information, and publishing and disseminating it to the press and public at large are thus among PrEP4All's core activities. *See ACLU v. DOJ*, 321 F.Supp.2d 24, 29 n.5 (D.D.C. 2004) (finding non-profit public interest group that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw material into a distinct work, and distributes that work to an audience" to be "primarily engaged in disseminating information").

*The records sought pertain to a matter of widespread and exceptional media interest in which there exist questions about the Government's integrity that affect public confidence*:

As I've explained above, the records requested pertain to a matter of widespread and exceptional media interest in which there exist questions about the Government's integrity that affect public confidence.

For these reasons, I believe I am entitled to expedited processing under FOIA.

Pursuant to 5 U.S.C. § 552(a)(6)(E)(vi), I certify that the information in this request concerning the reasons for expedited processing is true and correct to the best of my knowledge and belief.

*Johnson (PrEP4All) FOIA request to DOJ*

Pursuant to applicable statutes and regulations, I anticipate a determination regarding expedited processing within 10 days. See 5 U.S.C. § 552(a)(6)(E)(ii).

**Conclusion**

If my request is denied in whole or in part, please justify all withholdings and redactions by reference to specific FOIA exemptions. I expect the release of all segregable portions of otherwise exempt material, *see* 5 U.S.C. § 552(b), and reserve the right to appeal a decision to withhold any information or deny a waiver of fees.

Thank you for your prompt attention to this matter. Please direct communications and furnish the applicable records to:

Jeremiah Johnson
Jeremiah@prep4all.org

Please communicate any questions you may have by email, rather than regular mail. Also, if the requested records cannot be provided by email, please notify me as soon as they are available and I will consider arranging to collect them by courier to avoid additional delay.

Please copy PrEP4All's attorney, Christopher J. Morten, Esq., on all correspondence at the below address:

Christopher J. Morten, JD, PhD
Director
Science, Health & Information Clinic
Morningside Heights Legal Services
Columbia Law School
435 W 116th St.
New York, New York 10027
Office: (212) 854-1845
Cell: (646) 531-4920
E-mail: cjm2002@columbia.edu

Mr. Morten represents PrEP4All in connection with this request.

Your prompt attention to this request is greatly appreciated.

Respectfully submitted,

*/s/ Jeremiah Johnson*
Jeremiah Johnson
PrEP4All, Inc.
Jeremiah@prep4all.org

*Johnson (PrEP4All) FOIA request to DOJ*

# EXHIBIT  B



**U.S. Department of Justice**
Civil Division, FOIA and Privacy Office
Room 8314
1100 L Street, NW
Washington, DC 20530

February 24, 2025

Jeremiah Johnson                                Request No.    145-FOI-21567
PrEP4All, Inc.
Jeremiah@prep4all.org

Dear Jeremiah Johnson:

        This letter acknowledges receipt of your Freedom of Information Act (FOIA) request
dated February 17, 2025, and received in this office on February 19, 2025, in which you
requested the settlement agreement between the Department of Justice and Gilead Sciences, Inc.
in connection with the *United States v. Gilead Sciences, Inc.*, No. 19-cv-02103 (D. Del.) and
*Gilead Sciences, Inc. v. United States*, No. 20-cv-00499 (Fed. Cl.).

        You requested expedited processing of your FOIA request pursuant to the Department's
standard permitting expedition for requests involving "[a]n urgency to inform the public about an
actual or alleged federal government activity, if made by a person primarily engaged in
disseminating information." *See* 28 C.F.R. § 16.5(e)(1)(ii). Based on the information you have
provided, I have determined that your request for expedited processing under this standard
should be denied. This Office cannot identify a particular urgency to inform the public about an
actual or alleged federal government activity beyond the public's right to know about
government activities generally. Please be advised that, although your request for expedited
processing has been denied, it has been assigned to a Government Information Specialist in this
Office for processing, and a search has been initiated.

        The records you seek require a search in another Office of the Civil Division, and so your
request falls within "unusual circumstances." *See* 5 U.S.C. § 552(a)(6)(B)(i)-(iii). Because of
these unusual circumstances, we are extending the time limit to respond to your request beyond
the ten additional days provided by the statute. We have not yet completed a search to determine
whether there are records within the scope of your request. The time needed to process your
request will necessarily depend on the complexity of our records search and on the volume and
complexity of any records located. For your information, this office assigns incoming requests
to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in,
first-out basis in relation to other requests in the same track. Simple requests usually receive a
response in approximately one month, whereas complex requests necessarily take longer. At this
time, your request has been assigned to the complex track. You may wish to narrow the scope of
your request to limit the number of potentially responsive records or agree to an alternative time
frame for processing, should records be located; or you may wish to await the completion of our
records search to discuss either of these options.

        We regret the necessity of this delay, but we assure you that this Office will process your
request as soon as possible.

We have not yet made a determination as to whether fees will be applicable to your FOIA request. If we later determine that fees are applicable or need more information to make that determination, we will contact you before any fees are accrued to discuss your options. A request for a fee waiver will only be adjudicated after a determination has first been made that fees are applicable to a FOIA request.

If you have any questions, you may contact our FOIA Public Liaison by telephone at 202-514-2319 or you may write to civil.routing.foia@usdoj.gov or to the FOIA and Privacy Office, Civil Division, Department of Justice, Room 8314, 1100 L Street NW, Washington, DC 20530. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with the Civil Division's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." If possible, please provide a copy of your original request and this response letter with your appeal.

Sincerely,

Brian Flannigan

Brian Flannigan
Chief, FOIA and Privacy Office

# EXHIBIT  C

**Subject:** RE: [EXTERNAL] Re: United States Department of Justice Civil Division Acknowledgment 145-FOI-21567
**Date:** Friday, April 25, 2025 at 1:55:45 PM Eastern Daylight Time
**From:** FOIA, Civil.routing
**To:** Christopher Morten
**CC:** Angela Hyokyoung Kang, Brooke Levy, Jeremiah Johnson

> ### This Message Is From an External Sender
> This message came from outside your organization.

By way of update, our search for this case is in progress, and we are standing by for the relevant branch to complete the search, at which point we would evaluate what they provide to us.

---

**From:** Christopher Morten <cjm2002@columbia.edu>
**Sent:** Tuesday, April 15, 2025 3:53 PM
**To:** FOIA, Civil.routing <civfoia@CIV.USDOJ.GOV>
**Cc:** Angela Hyokyoung Kang <ahk2184@columbia.edu>; Brooke Levy <bml2132@columbia.edu>; Jeremiah Johnson <Jeremiah@prep4all.org>
**Subject:** Re: [EXTERNAL] Re: United States Department of Justice Civil Division Acknowledgment 145-FOI-21567

Dear DOJ Civil Division FOIA and Privacy Office,

I am following up again on the email thread below and PrEP4All's request **No. 145-FOI-21567**, filed February 19, 2025.

Thank you for your most recent response, dated April 11, 2025.

As I've stated previously, PrEP4All would like to agree with you on a mutually agreeable production schedule. We would like to avoid the need for an administrative appeal or litigation—especially since our request is for one specific document, which we expect is brief.

We are sympathetic to the fact that this has been a tumultuous time for the FOIA offices of many federal agencies, including the DOJ Civil Division. This has also been a turbulent and stressful time for not-for-profit organizations like my client, PrEP4All. Accordingly, we hope to resolve this important matter in a prompt and efficient manner.

But, at this point, nearly two months have passed since PrEP4All submitted its request on February 19. I appreciate your points—DOJ currently has a large backlog of requests and reduced staffing. However, your email suggests that staffing to process PrEP4All's request will only "become[] available again in the next couple months." As such, your email suggests that search and processing of this simple request will not begin for months.

That timetable is not acceptable to PrEP4All. Given the importance of the document at issue, we seek prompter production. And given the simplicity of the request, we believe that prompt

production is reasonable (and consistent with the FOIA's statutory timeline).

Please let us know if you are available for a phone call between now and Wednesday, April 23, to discuss a mutually agreeable production schedule. I'm glad to provide my availability, and glad to work around yours.

If I do not hear from you by Wednesday, April 23, and if we are not able to agree upon a production schedule, my client and I intend to proceed to administrative appeal or litigation, as appropriate.

Best regards,

Chris

On Fri, Apr 11, 2025 at 6:47 PM FOIA, Civil.routing <Civil.routing.FOIA@usdoj.gov> wrote:

> **This Message Is From an External Sender**
> This message came from outside your organization. I'm optimistic that this request will take less than a year, given that it is targeted to settlement agreements. We have a large backlog of requests and reduced staffing at the moment. When some of our staffing becomes available again in the next couple months, I'm optimistic we will have more bandwidth to target a wider range of narrower requests, such as yours. I don't currently have an estimate of the number of comparable requests in line ahead of yours, which could be a factor in our processing time.
>
> ---
>
> **From:** Christopher Morten <cjm2002@columbia.edu>
> **Sent:** Friday, April 4, 2025 1:00 PM
> **To:** FOIA, Civil.routing <civfoia@CIV.USDOJ.GOV>
> **Cc:** Angela Hyokyoung Kang <ahk2184@columbia.edu>; Brooke Levy <bml2132@columbia.edu>; Jeremiah Johnson <Jeremiah@prep4all.org>
> **Subject:** Re: [EXTERNAL] Re: United States Department of Justice Civil Division Acknowledgment 145-FOI-21567
>
> Dear DOJ Civil Division FOIA and Privacy Office,
>
> Thank you for your email of March 7.
>
> I write again in connection with PrEP4All's FOIA request, assigned tracking No. 145-FOI-21567.
>
> My colleague Brooke Levy, CCed here, represents PrEP4All with me. She just called your number and left a voicemail seeking further information on this request. Your email of March 7 states that "average processing time exceeds 1 year" and that our "request is in

queue for searching." Per Brooke's voicemail, we would like clarification of whether you expect this specific request to take over 1 year. If indeed that is your expectation, we would like an explanation as to why this request—for one specific, likely short document —should take over 1 year. We would also like to discuss with you ways to accelerate processing of this request.

This request is important to PrEP4All, and we are committed to its prompt fulfillment.

Please give me a call at your earliest convenience. The best number to reach me is 646 531 4920.

Thank you, and best regards,

Chris

--------------------------
Christopher Morten
he/him/his
Associate Clinical Professor of Law
Columbia Law School
Office: (212) 854-1845
Cell: (646) 531-4920
Email: cjm2002@columbia.edu

On Fri, Mar 7, 2025 at 1:07 PM FOIA, Civil.routing <Civil.routing.FOIA@usdoj.gov> wrote:

**This Message Is From an External Sender**
This message came from outside your organization. Hi Chris, thank you for reaching out to check on status. Given our available staff and resources, as well as our substantial backlog of FOIA requests, our average processing time exceeds 1 year. Your request is in queue for searching.  We are diligently trying to work through our backlog and endeavor to do so on a first-in, first-out basis, as each requester is awaiting a response to their request.

FOIA and Privacy Office
Civil Division

**From:** Christopher Morten <cjm2002@columbia.edu>
**Sent:** Friday, March 7, 2025 10:37 AM
**To:** FOIA, Civil.routing <civfoia@CIV.USDOJ.GOV>
**Cc:** Angela Hyokyoung Kang <ahk2184@columbia.edu>; Brooke Levy <bml2132@columbia.edu>;

Jeremiah Johnson <Jeremiah@prep4all.org>
**Subject:** [EXTERNAL] Re: United States Department of Justice Civil Division Acknowledgment 145-FOI-21567

Dear DOJ FOIA Liaison,

I write to renew my inquiry re Request No. 145-FOI-21567, submitted by PrEP4All. I seek an update on the search and production schedule for this request.

I called your office a moment ago and left a voicemail, echoing this inquiry.

Please provide an update at your earliest convenience. I can be reached by phone at 646 531 4920.

Best regards,

Chris

--------------------------
Christopher Morten
he/him/his
Associate Clinical Professor of Law
Director, Science, Health & Information Clinic
Columbia Law School
Office: (212) 854-1845
Cell: (646) 531-4920
Email: cjm2002@columbia.edu
Twitter: @cmorten2

On Fri, Feb 28, 2025 at 9:23 AM Christopher Morten <cjm2002@columbia.edu> wrote:
> Dear DOJ FOIA Liaison,
>
> I write to follow up on Mr. Johnson's email below re Request No. 145-FOI-21567. Per his email below, and per the FOIA request itself, I am a lawyer who represents PrEP4All in connection with this request.
>
> I CC here two of my associates who represent PrEP4All with me—Angela Kang and Brooke Levy.
>
> We would like to speak with a representative of DOJ about the search and production schedule for this request. Please let me know when a representative is available to speak. The morning of Friday, March 7, between 10-11:45 am Eastern is an ideal window for me.
>
> Best regards,

Chris

_____

**From:** Jeremiah Johnson <Jeremiah@prep4all.org>
**Date:** Thursday, February 27, 2025 at 11:40 AM
**To:** "civil.routing.foia@usdoj.gov" <civil.routing.foia@usdoj.gov>
**Cc:** Christopher Morten <cjm2002@columbia.edu>
**Subject:** Re: United States Department of Justice Civil Division Acknowledgment 145-FOI-21567

**This Message Is From an External Sender**
This message came from outside your organization.

Dear DOJ FOIA Liaison,

I write in regard to FOIA Request No. 145-FOI-21567, which I filed earlier this month. I write on behalf of PrEP4All, the organization that I am executive director of and that I filed the FOIA request on behalf of. I write to confirm that attorney Christopher Morten, CCed here, represents PrEP4All in connection with this FOIA request. Mr. Morten will follow up with questions related to this request.

Best regards,

Jeremiah Johnson

**Jeremiah Johnson, MPH (He/Him)**
Executive Director
PrEP4All
Mobile: +1 303 910 9330
Jeremiah@PrEP4All.org
www.PrEP4All.org

On Mon, Feb 24, 2025 at 3:00 PM CivilFOIA, No-Reply (CIV) <No-Reply.CivilFOIA@usdoj.gov> wrote:

> Greetings,
>
> Please find the attached acknowledgment to your request.
>
> Best,
>
> FOIA and Privacy Office
> Civil Division
> United States Department of Justice